**Yann Geron,** as Chapter 7 Trustee of the
  Estate of Nanobeak Biotech Inc.
c/o Geron Legal Advisors
370 Lexington Ave., Suite 1101
New York, New York 10017

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

In re                                                   :
                                                        :          Chapter 7
NANOBEAK BIOTECH INC.,                                  :
                                                        :          Case No. 21-11600-mg
                                      Debtor.           :
---------------------------------------------------------x

### TRUSTEE'S APPLICATION TO RETAIN KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS HIS SPECIAL LITIGATION COUNSEL AS OF SEPTEMBER 21, 2021

**TO THE HONORABLE MARTIN GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Yann Geron, chapter 7 trustee (the "Trustee") of the estate of Nanobeak Biotech Inc., the

above-captioned debtor (the "Debtor"), as and for his application for entry of an order in

substantially the same form as that annexed hereto as Exhibit A, pursuant to section 11 U.S.C. §

327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, granting him authority to

retain Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as his special litigation

counsel as of September 21, 2021, respectfully represents:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and

1334, and the "Amended Standing Order of Reference" of the United States District Court for the

Southern District of New York (Preska, C.J.), dated January 31, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§

1408 and 1409.

4.      The statutory predicate for the relief requested herein is section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## BACKGROUND

5.      On September 10, 2021, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6.      On or around the same date, Yann Geron was appointed interim trustee of the Debtor's estate and he is currently serving in that capacity.

7.      On September 17, 2021, this Court entered an order authorizing the Trustee to retain Geron Legal Advisors (GLA) as his general counsel.

8.      On or around September 21, 2021, the Trustee decided to employ Klestadt Winters Jureller Southard & Stevens, LLP to serve as his special litigation counsel in the Debtor's case to analyze and pursue as appropriate complex avoidance action and director and officer liability claims, subject to the approval of this Court.

## RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP

9.      The Trustee respectfully submits that he requires special litigation counsel pursuant to section 327(a) of the Bankruptcy Code to, *inter alia*:

- investigate any potential claims and causes of action against various recipients of transfers made by the Debtor, and other parties which may have inappropriately damaged the Debtor and its assets (each a "Claim," collectively, the "Claims"), by review of the Debtor's books and records, and/or any informal or formal discovery device including the issuance of subpoenas under Bankruptcy Rule 2004;

- work with the Trustee's general counsel, Geron Legal Advisors, in the investigation and prosecution of any Claims;

- analyze any Claims that the Trustee may have against third parties and/or equity holders, former directors or officers, or other insiders of the Debtor as designated

2

by the Trustee, including, but not limited to, James Jeremy Barbera, and advise the Trustee with respect to same;

- negotiate with the target of any Claims (each a "Target," collectively, the "Targets") in an effort to reach an advantageous settlement;

- draft complaints seeking recovery of any Claims and if necessary, file those complaints with the Court and commence actions (collectively, "Actions");

- conduct all discovery related activities in the Actions;

- represent the Trustee at all hearings and other proceedings in the Actions;

- conduct a trial of the Action(s) if necessary;

- prosecute and/or defend any appeal from any final judgment or order entered in the Actions; and

- prosecute the Actions and otherwise take such other actions as directed by the Trustee to protect his and the estate's rights and interests in any Claim(s), Action(s) and Case.

10.     The Trustee has selected KWJS&S because it has extensive experience and knowledge in the fields of debtors' and creditor's rights, general corporate law, debt restructuring, investigations, corporate reorganizations, and litigation, among others.  Further, KWJS&S has significant experience in representing trustees and other interested parties in cases analogous or otherwise relevant to the Debtor's case in many ways.  Accordingly, the Trustee believes that KWJS&S is well qualified to represent him as his special litigation counsel in this case

11.     Subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, compensation will be payable to KWJS&S on an hourly basis, plus reimbursement of actual and necessary expenses incurred by KWJS&S.

12.     Because it is not possible at this time to determine exactly the extent of the legal services that the Trustee will require from KWJS&S, it is necessary and essential that the Trustee employ an attorney under an hourly agreement to render the services set forth herein.  KWJS&S

has expressed a willingness to act on the Trustee's behalf, and has represented that it can and will

take appropriate steps to ensure that there is no duplication of service between it and Trustee

general counsel.

13.     The hourly rates currently in place for the attorneys and paraprofessionals at

KWJS&S are as follows:

| Attorney | Rate Effective[1] |
|---|---|
| Tracy L. Klestadt | $795 |
| Ian R. Winters | $695 |
| John E. Jureller, Jr. | $695 |
| Fred N. Stevens | $695 |
| Sean C. Southard | $695 |
| Brendan M. Scott | $595 |
| Kathleen M. Aiello | $595 |
| Stephanie R. Sweeney | $550 |
| Lauren C. Kiss | $550 |
| Christopher J. Reilly | $425 |
| Andrew S. Richmond | $375 |
| Paralegals | $195 |

It is anticipated that most of the work in this case will be performed by partner Fred Stevens and

associate Christopher J. Reilly.

14.     To the best of the Trustee's knowledge, KWJS&S does not have any connection

with the Debtor, its creditors, any known potential Targets, the United States Trustee or any other

parted in interest, or their respective attorneys, except to the extent set forth in the declaration of

---

[1] KWJS&S typically adjusts rates on January 1 of each year.  These are the rates that will be in effect at least until December 31, 2021. Prior to any increases in KWJS&S's rates, KWJS&S shall file a supplemental affidavit with the Court and provide ten business days' notice to the Trustee and the United States Trustee, provided however, that the terms "increases in KWJS&S's rates" and "rate increases" as used herein shall not include annual "step increases" historically awarded by KWJS&S in the ordinary course to attorneys and para professionals throughout the firm due to advancing seniority and promotion. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

Fred Stevens sworn to on the 24th day of September, 2021, a copy of which is annexed hereto as

Exhibit B.

**NO PRIOR RELIEF**

15.     No previous application for the relief sought herein has been made to this or any

other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, in

substantially the same form as that annexed hereto as Exhibit A, granting him the authority to

retain KWJS&S as his special litigation counsel in this case effective as of September 21, 2021,

and granting such other and further relief as may be just and proper.

Dated:   New York, New York
         September 24, 2021

YANN GERON, Chapter 7 Trustee of the Estate of
Nanobeak Biotech Inc.


By:   */s/ Yann Geron*
      Yann Geron, as Trustee

Proposed Counsel:

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP


By:   */s/ Fred Stevens*
      Fred Stevens
      Christopher Reilly
      200 West 41st Street, 17th Floor
      New York, New York 10036-7203
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: fstevens@klestadt.com
             creilly@klestadt.com

      *Proposed Special Litigation Counsel to
        the Chapter 7 Trustee*

5
